IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DIANA L. HIGGINBOTHAM, on behalf of
Herself and all others similarly situated,

    PLAINTIFF,

v.                                          CIVIL ACTION NO. 2:23-cv-375

BANK OF AMERICA, N.A.,

    DEFENDANTS.

## CLASS ACTION COMPLAINT

1.    This complaint is an action to recover damages and illegal profits to prevent Defendant from benefitting from its violations of law. The Complaint involves a mortgage loan servicer's attempts to collect unlawful fees and costs. Defendant is an industry leading holder and servicer of residential mortgages. But Defendant impermissibly profits from the homeowners it purports to service by charging and collecting illegal payment processing fees when borrowers make their monthly mortgage payments by telephone or online ("Pay-to-Pay Transactions"). Defendant routinely violates West Virginia debt collection law and breaches the uniform terms of borrowers' mortgages ("Uniform Mortgages") by charging and collecting these illegal processing fees ("Pay-to-Pay Fees").

2.    As a servicer, Defendant is supposed to be compensated out of the interest paid on each borrower's monthly payment – not via additional "service" fees that do not reflect the cost to Defendant of providing such services. Under West Virginia law, Defendant cannot collect Pay-to-Pay Fees which impermissibly pass along Defendant's servicing costs to West Virginia borrowers and thereby create an additional profit center for itself.

1

3. Pay-to-Pay Fees are not expressly authorized by borrowers' deeds of trust. Even if the fee was explicitly included in and permitted by the deed of trust (which it is not), Defendant cannot charge it in West Virginia unless also expressly authorized by statute. None of the Pay-to-Pay Fees are permitted by the deed of trust or by statute, and, therefore, Defendant violates West Virginia law by charging those fees.

4.

5. BBy charging these unauthorized Pay-to-Pay Fees, Defendant also violates its contractual obligations to its borrowers. Indeed, despite its uniform contractual obligations to charge only fees explicitly allowed under the mortgage and applicable law, Defendant leverages its position of power over homeowners and demands exorbitant Pay-to-Pay Fees. Upon investigation and belief, the actual cost for Defendant to process online mortgage payment transactions is very low – around fifty cents – well below the Pay-to-Pay Fees that Defendant charges West Virginia Mortgagers. Defendant impermissibly recoups its costs from borrowers and pockets the excess as pure profit.

> Plaintiff Diana L. Higginbotham paid these Pay-to-Pay Fees and brings this class action lawsuit individually and on behalf of all similarly situated putative class members to recover the unlawfully charged Pay-to-Pay Fees and to enjoin Defendant from continuing to charge these unlawful fees.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff Diana L. Higginbotham is a resident of Nitro, Kanawha County, West Virginia.

7. Bank of America, N.A. ("Bank of America") is a corporation having its principal executive offices at Bank of America Corporate Center, 100 North Tryon Street, Charlotte, North Carolina, and which does business in West Virginia.

8. This Court has jurisdiction over Defendant because it conducts business in West Virginia and commits torts in West Virginia, as described in this Complaint.

9. Venue is proper because the cause of action accrued in this District.

10. Subject matter jurisdiction exists under the Class Action Fairness Act because diversity exists between the Defendant and at least one class member and the amount in controversy exceeds $5,000,000.

## Factual Background

### *The Mortgage Servicing Industry*

11. Mortgage lenders rarely service their own loans. In many cases, lenders specialize in the origination of the loan, but they are not equipped to handle the day-to-day administrative tasks that come with a mortgage. Instead of managing these duties in-house, they assign the servicing rights of their loans to a designated servicer-a company that specializes in the actual management and administration of mortgages.

12. A mortgage servicer is a company that, in turn, handles the day-to-day administrative tasks of a mortgage loan, including receiving payments, sending monthly statements and managing escrow accounts.

13. There are two main, assignable rights under a Deed of Trust and Note. There are ownership rights as the lender under the agreement. Separately, there are mortgage servicing rights that entitle the Lender to enforce the Deed of Trust, collect mortgage loan payments, and charge fees allowed by the Note and Deed of Trust.

14. Bank of America is a lender, mortgage broker, and servicer that operates around the country. Bank of America buys loans, including mortgage servicing rights, and exercises those mortgage servicing rights to collect mortgage payments, charge fees, enforce the Deed of Trust and Note.

15. When Bank of America purchases either a loan in its entirety or the mortgage servicing rights to a loan, they do so in a private transaction. The terms of the assignment or purchase agreement are not publicly available.

16. When a mortgage borrower whose loan is serviced by Bank of America makes a payment over the phone ("Pay-to-Pay Transaction"), Defendant charges the borrower a Pay-to-Pay Fee of $6.00 or more.

17. Typically, a mortgage loan servicer will use a vendor to process the transaction. The usual cost that a servicer like Defendant pays to process Pay-to-Pay Transactions is $.30 or less per transaction. Thus, the actual cost to Defendant to process the Pay-to-Pay Transactions is well below $6.00 amounts charged to borrowers, the Defendant passes along its transaction costs to borrowers, and Defendant pockets the difference as profit.

18. The Uniform Mortgages of Defendant's borrowers do not authorize them to collect Pay-to-Pay Fees. In fact, the Pay-to-Pay Fees violate borrowers' mortgages.

19. There is no statute that authorizes Bank of America to collect Pay-to-Pay fees.

*Named Plaintiff's Facts*

20. Plaintiff entered into a loan agreement in October 1998 for $20,000.00.

21. Subsequently, the loan and its servicing rights for the Plaintiff's mortgage was transferred to Defendant Bank of America. Defendant is ultimately responsible for the servicing of the mortgage.

22. Defendant has charged Plaintiff a $6.00 fee for making mortgage payments over the telephone. When making a telephone payment, Defendant may either process it through an automated system or give the payment information through a representative. In either circumstance, the payment is processed electronically.

23. Plaintiff was also charged a total of $47.01 in fees throughout the year of 2020. These fees were not explained in Plaintiff's monthly statement. Upon information and belief, these fees may include additional unauthorized charges, including Pay-to-Pay fees.

24. Neither the Note nor Deed of Trust entitled Defendant to assess fees for scheduled payments, electronic payments, online payments or telephone payments.

25. W. Va. Code § 46A-2-127(g) prohibits "[a]ny representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation."

26. By charging or collecting Pay-to-Pay Fees, Defendant attempted to collect from Plaintiff a part of the Defendant's fee or charge for services rendered violated the law of West Virginia, i.e., the CCPA: See §46A-2-128(c).

27. By charging or collecting Pay-to-Pay Fees not authorized by the Deed of Trust and/or Note, Defendant violated the law of West Virginia, i.e., the CCPA. *See* §46A-2-128(d).

28. By collecting Pay-to-Pay Fees in violation of "Applicable Law," i.e., the CCPA, Defendant breached the uniform covenants of the Deed of Trust.

29. The provisions are contained in the Uniform Covenants section of the Deed of Trust, Defendant thus breached its contracts on a class-wide basis.

**THE PROPOSED CLASS**

30. Plaintiff incorporates the preceding paragraphs by reference.

31. This action is also filed as a class action. Plaintiff, serving as class representative, tentatively defines the class as follows: All persons (1) with a residential mortgage loan securing a property in West Virginia, (2) where the lender, broker, servicer or sub-servicer is Bank of America, (3) who paid a fee to either Bank of America for making a loan payment by telephone, by interactive voice recognition (IVR) or by other electronic means, during the applicable statutes of limitations through the date a class is certified.

32. Plaintiff reserves the right to refine the class definition in light of discovery and additional investigation.

33. The putative class is so numerous that joinder of all members is impractical.

34. There are questions of law and fact common to the putative class, which predominate over any questions affecting only individual class members, including but not limited to:

   a. Whether Defendant assessed Pay-to-Pay Fees on Class members;

   b. Whether Defendant breached its contracts with borrowers by charging Pay-to-Pay Fees not authorized by their Deeds of Trusts;

   c. Whether Defendant violated the CCPA by charging customers for Pay-to-Pay Fees that are part of its fee or charge for services rendered;

   d. Whether Defendant violated the CCPA by charging Pay-to-Pay Fees not authorized by the loan agreement and by statute;

   e. Whether Defendant's business practices are unlawful;

   f. Whether Plaintiffs and the Class were damaged by Defendant's conduct;

g. Whether Plaintiff and the Class are entitled to actual and/or statutory damages as a result of Defendant's actions; and

h. Whether Plaintiff and the Class are entitled to attorney's fees and costs.

35. The principal common issues involve whether Defendant's conduct regarding the unauthorized fees constitutes a violation of the debt collection practices provisions of the WVCCPA and/or breached the contracts.

36. Plaintiff's claims are typical of the claims of the Class members. Defendant charged her a Pay-to-Pay Fee in the same manner as the rest of the Class members. Plaintiff and the Class members entered into uniform covenants in their Deed of Trusts that prohibit Pay-to-Pay charges.

37. Plaintiff will fairly and adequately protect the interests of the class. She has suffered pecuniary injury as a result of Defendant's actions and will, accordingly, vigorously litigate this matter. Plaintiff is greatly annoyed at being the victim of Defendant's illegal and fraudulent conduct and wishes to see that wrong remedied. To that end, Plaintiff has retained counsel experienced in claims involving unfair business practices and consumer protection.

38. Neither the Plaintiff nor her counsel has any interest that might prevent them from vigorously pursuing this claim.

39. A class action is a superior method for the fair and efficient adjudication of this particular claim and controversy.

40. The interest of putative class members in individually controlling and maintaining the prosecution of separate claims against Defendant is small given the fact that they are unlikely to be aware of their legal rights and the amount of statutory or actual damages in an individual action is relatively small.

41. The management of this class claim is likely to present significantly fewer difficulties than those presented in many larger, and more complex, class actions.

42. As a proximate and/or foreseeable result of Defendant's wrongful conduct, each member of the putative class has suffered actual and/or statutory damages.

## *CLAIMS BROUGHT INDIVIDUALLY AND ON BEHALF OF A CLASS*
## COUNT I

### VIOLATING THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT

43. Plaintiff is a "person" who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

44. Defendant is a debt collector as defined by West Virginia Code §46A-2-122(d) engaging directly or indirectly in debt collection as defined by West Virginia Code §46A-2-122(c) within the State of West Virginia, including Kanawha County, West Virginia.

45. Defendant has engaged in repeated violations of Article 2 of the West Virginia Consumer Credit and Protection Act, including but not limited to,

   a. using unfair or unconscionable means to collect a debt from Plaintiff in violation of West Virginia Code §46A-2-128;

   b. collecting or attempting to collect collection fees or charges from a borrower for any part of the debt collector's fee or charge for services rendered by the debt collector, in violation of West Virginia Code §46A-2-128(c);

   c. collecting or attempting to collect fees, which are neither expressly authorized by any agreement creating or modifying the obligation or by statute or regulation, in violation of West Virginia Code § 46A-2-128(d);

      d.      utilizing fraudulent, deceptive or misleading representations or means regarding Plaintiffs' mortgage loan status in an attempt to collect a debt or obtain information regarding Plaintiffs in violation of West Virginia Code §46A-2-127;

      e.      representing that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation in violation of West Virginia Code § 46A-2-127(g);

      f.      falsely representing or implying the character, extent, or amount of a claim against a consumer in violation of West Virginia Code § 46A-2-127(d); and

      g.      threatening to take any action prohibited by Chapter 46A of the West Virginia Code or other law regulating the debt collector's conduct in violation of West Virginia Code § 46A-2-124(f).

46. As a result of the Defendant's actions, Plaintiff and each member of the putative class has suffered actual and/or statutory damages.

## COUNT II – BREACH OF CONTRACT

47. Plaintiff incorporates the preceding paragraphs by reference.

48. Defendant breached its contracts with Plaintiff and the Class Members when it charged Pay-to-Pay Fees not agreed to in the uniform deeds of trust, specifically prohibited by the deeds of trust.

49. Plaintiff purchased a home subject to the Note and Deed of Trust.

50. Neither the Note nor the Deed of Trust expressly authorize Defendant to assess Pay-to-Pay Fees for web payments or scheduled payments.

9

51. By collecting fees in violation of Applicable Law, Defendant breached the Deed of Trust and Note.

52. Plaintiff has made mortgage payments electronically and/or by phone. When she did so, Defendant charged a $6.00 fee or higher. This Pay-to-Pay Fee is not authorized by the Deed of Trust or Note.

53. The above paragraphs that Defendant breached are contained in the Uniform Covenants sections of each of the deeds of trust. Defendant has thus breached its contracts on a class-wide basis.

54. Plaintiff and the Class Members were harmed by this breach and suffered out of pocket losses.

## COUNT III – UNJUST ENRICHMENT

55. Plaintiff incorporates the previous paragraphs as if fully set forth herein.

56. Defendant was unjustly enriched by the payments Plaintiff made in excess of the amount actually owed under her mortgage contract.

57. Plaintiff was financially damaged as a result of Defendant's actions and continued to suffer harm.

## RELIEF SOUGHT

Plaintiff requests that the Court, on behalf of the Plaintiff and on behalf of all class members:

1. Certify this case as a class action under Rule 23 of the Federal Rules of Civil Procedure, and denominate Plaintiff as representatives for the class and her undersigned counsel as counsel for the class;

2. As authorized by West Virginia Code § 46A-5-101(1), award a civil penalty to Plaintiff and all class members for each violation of any provision of Chapter 46A;

3. Award the actual or compensatory damages incurred by Plaintiff and all class members, including any overpayment of fees;

4. Award prejudgment and post-judgment interest at the proper rate allowed by law;

6. Award reasonable attorneys' fees and costs;

7. Award appropriate and necessary equitable relief for Plaintiff and class members;

8. Enter judgment against the Defendant and in favor of the Plaintiff and the class on all claims and declare Defendant conduct illegal; and

9. Award all other relief deemed just and equitable.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

*/s/ Jonathan R. Marhsall*
Jonathan R. Marshall (WVSB #10580)
Jack Bunn (WVSB #14242)
Denali Hedrick (WVSB #14066)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555

Patricia M. Kipnis (WVSB #12896)
Bailey & Glasser LLP
1622 Locust St.
Philadelphia, PA 19102
(215) 274-9331